IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11196
(Summary Calendar)
_____

LORETTA ANDERSON,

Plaintiff-Appellant,

versus

CITY OF DALLAS, doing business as Civil
Service Department,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-793-D)
- - - - - - - - - -
May 26, 2000

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Loretta Anderson, proceeding pro se in the district court and in this appeal, asks us to reverse the district court's dismissal of her claims against Defendant-Appellee City of Dallas d/b/a Civil Service Department ("the City") arising from the unintentional omission of her name from the list of certified eligible applicants for the position of Computer Operations Specialist in the City's ECI Department. As a result of that omission, she was not considered for the opening, and it was

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ultimately filled by another applicant. We affirm the rulings of the district court which culminated in the dismissal of Anderson's action against the City.

Liberally construing Anderson's pleadings, the district court determined that her procedural and substantive due process claims under the Fourteenth Amendment of the United States Constitution could only succeed if Anderson could establish a constitutionally protected property interest in the proceedings of the City's Grievance Committee or in her potential promotion to Computer Operations Specialist. Initially, the court allowed Anderson an additional thirty days following the filing of its Memorandum Opinion and Order on August 19, 1999 in which to respond to the court's sua sponte concern about Anderson's property interest. Following Anderson's timely response, the court filed another Order, on September 22, granting the City's Motion for Summary Judgment by dismissing Anderson's substantive and procedural due process claims. Relying principally on Cabrol v. Town of Youngsville, 106 F.3d 101 (5th Cir. 1997), the court concluded that Anderson failed to establish a property right, first by relying on procedural rights as a property interest and then by relying on those rights to create an entitlement to promotion. We agree with the court's determination in this regard.[1]

---

[1] We also agree with the court's rejection of Anderson's contention that the City's motion was untimely under N.D.Tex. Civ. R. 56.2(a), given the court's setting of September 1, 1999 as the deadline and the City's filing of its motion on June 23, 1999, well ahead of that deadline.

In its earlier ruling, the district court dismissed on grounds of sovereign immunity Anderson's negligence claim against the City for its employee's failure to include Anderson's name on the list of certified eligible candidates for the position she sought. Because this state law claim runs afoul of the Texas Tort Claims Act ("TCA"),[2] under State v. Terrell, 588 S.W. 2d 784 (Tex. 1979), there is no doubt that the City is entitled to sovereign immunity absent a waiver — and the district court correctly determined that neither the City nor the Statutes of Texas have waived such immunity. The district court was equally correct in rejecting Anderson's reliance on the City Charter as a source of her cause of action. As noted by the court, the City Charter does not expressly authorize a private right of action under the circumstances of this case, see Stewart Title Guar. Co. v. Becker, 930 S.W. 2d 748, 754 (Tex. App. 1996, writ denied); and there is no basis under the instant facts for the court to impute a private right of action under the City Charter.

In conclusion, our review of the record in this case and the analysis of the facts and law as presented by the appellate briefs of the parties satisfies us that the judgments of the district court, as reflected in its Memorandum Opinion and Order of August 19, 1999 and its Order of September 22, 1999, should be affirmed essentially for the reasons set forth therein.

AFFIRMED.

---

[2] Tex. Civ. Prac. & Rm. Code Ann. §§ 101.001-109 (West 1997 & Supp. 1999).